**UNITED STATES of America,**
**Appellee,**

v.

**Maurice MILLER, Defendant–**
**Appellant.**

**No. 06–4002–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 19, 2008.

Molly Corbett, Assistant Federal Public Defender (Paul Evangelista, on the brief), Albany, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney (Carlos A. Moreno, on the brief) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, and LEWIS A. KAPLAN,[1] District Judge.

## SUMMARY ORDER

On November 16, 2005, a grand jury in the Northern District of New York returned a 6–count indictment against defendant, Maurice Miller. Count One charged Miller with possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); Count Five charged Miller with possessing a quantity of cocaine base with intent to distribute in violation of 21 U.S.C. § 841. On March 31, 2005, the district court conducted a suppression hearing to determine the admissibility of 1) physical evidence seized from within a car operated by Miller at the time of his arrest, and 2) statements made by Miller at the time of his arrest. After the hearing, the district court issued a

---

1. Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

lengthy opinion that principally denied Miller's suppression motion, with the exception of one statement made after Miller was in custody, but before he had been read his Miranda rights.

On September 6, 2005, Miller entered a conditional plea of guilty before district judge Gary L. Sharpe to Counts One and Five of the Indictment. Pursuant to the plea, Miller reserved his right "on appeal from the judgment, to review the adverse determination of the pretrial motion of Maurice D. Miller to suppress the evidence seized from the automobile he was operating on December 21, 2004." Miller subsequently was sentenced on August 1, 2006 to a term of imprisonment of sixty months on Count One to run consecutively to a term of imprisonment of ten months on Count Five. Miller filed a timely notice of appeal from the judgment of conviction arguing that the district court had erred in denying his motion to suppress the physical evidence seized at the time of his arrest and in its partial denial of his motion to suppress statements made at the time of his arrest.

"On an appeal from a ruling on a motion to suppress, we review a district court's findings of historical fact for clear error, but analyze *de novo* the ultimate determination of such legal issues as probable cause and the good faith of police officials in relying upon a warrant." *United States v. Gagnon,* 373 F.3d 230, 235 (2d Cir.2004) (quoting *United States v. Smith,* 9 F.3d 1007, 1011 (2d Cir.1993)). "After a motion to suppress has been denied, the evidence supporting that denial is to be viewed in the light most favorable to the government." *United States v. Peterson,* 100 F.3d 7, 11 (2d Cir.1996). "The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers." *Preston v. United States,* 376 U.S. 364, 366, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

■ Miller first argues that the search of the glove compartment of his vehicle was not a search incident to a lawful arrest because the police lacked probable cause to arrest him. We disagree. Probable cause to arrest exists "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that (1) an offense has been or is being committed (2) by the person to be arrested." *United States v. Fisher,* 702 F.2d 372, 375 (2d Cir.1983). Miller contends that probable cause was lacking because the officers did not believe that they had probable cause to arrest until the outstanding warrant was confirmed. This argument misses the boat, for "a law enforcement officer's mistaken belief that probable cause did not exist at the time is irrelevant to a court's later determination of whether probable cause existed at the time." *Gagnon,* 373 F.3d at 239. Here, the stopping officer learned through the New York State Police Information Network (NYSPIN) that there was an outstanding warrant for Miller's arrest. When an officer learns from a computer database, such as NYSPIN, that a person is the subject of an outstanding arrest warrant, probable cause exists to arrest that person. *See United States v. Santa,* 180 F.3d 20, 27 (2d Cir.1999) (concluding that "arresting officers' reliance on the NYSPIN record to arrest Santa was objectively reasonable" even though the warrant later turned out to be invalid). Thus probable cause to arrest Miller existed once the officer learned of the outstanding warrant.

**8**

Here, the district court found that once Morrow ordered Miller outside of his vehicle after learning of the outstanding warrant, the situation escalated from a routine traffic stop to a lawful custodial arrest. We agree. Once a custodial arrest has occurred, the officers may, "as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" without a warrant. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *see also Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004). Accordingly, the search of the glove compartment of Miller's vehicle was a lawful search incident to an arrest.

Miller also complains that the search of the trunk of his vehicle was unlawful because the officers lacked probable cause for the warrantless search. "Under the 'automobile exception' to the Fourth Amendment warrant requirement, police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir.2004). Furthermore, when the police possess probable cause to believe a vehicle contains contraband, "they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages in the vehicle." *United States v. Cruz*, 834 F.2d 47, 51 (2d Cir.1987) (citing *United States v. Ross*, 456 U.S. 798, 821 & n. 28, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)). When the officers searched the glove compartment, they uncovered a loaded .45 caliber gun magazine. We agree with the district court that once Watervliet police discovered this magazine within the glove compartment of Miller's car as a consequence of their authority to search incident to arrest, they had sufficient probable cause under the automobile exception to justify their search of Miller's trunk. We therefore find that the warrantless search of the trunk was lawful.

Finally, we agree with the analysis that the district court used in partially denying Miller's statements, and thus affirm the district court's findings that the remaining statements were appropriately admitted.

For the foregoing reasons, we AFFIRM the decision of the district court.