14-1420-cv
*Apostol v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

Melanie Apostol, Frankie Rodriguez,

> *Plaintiffs-Appellants*,

> v.                                                                    No. 14-1420-cv

City of New York, Police Officer John Doe, Police Officer Skye Morales, Shield #18414, Police Officer Volkan Sarman,

> *Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS:      Adewale Akim Mosaku, Law Offices of Wale Mosaku, P.C., Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:       Scott N. Shorr (Zachary W. Carter, *on the brief*), Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Melanie Apostol and Frankie Rodriguez appeal from the district court's grant of summary judgment in favor of Defendants in Plaintiffs' 42 U.S.C. § 1983 action, asserting claims of false arrest, false imprisonment, denial of a fair trial due to evidence fabrication, and failure to intervene. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

Plaintiffs' § 1983 action arises from their arrest by New York City Police Officers Morales and Sarman on February 1, 2011. On that date, Plaintiffs were in Apostol's car outside Rodriguez's apartment at 7:40 pm. The car's engine was off, and it was parked in front of a fire hydrant. Officers Morales and Sarman observed Apostol's car and ran its plates in the New York State Police Information Network (NYSPIN) database, which indicated that the plates had been

2

reported stolen.  Morales and Sarman then approached Apostol's car.  It is at this point that the parties' accounts diverge.

According to Defendants, upon approaching Apostol's car, Morales observed with his flashlight one marijuana cigarette in the center console, one marijuana cigarette on the passenger-side floorboard, and an unspecified quantity of loose marijuana on both the passenger-side and driver-side floorboards.  Sarman also observed the marijuana after Morales had pointed it out.  Morales secured the two marijuana cigarettes at the scene but did not secure the loose marijuana until Apostol's car had been driven to the precinct.  This version of events is reflected in Morales's sworn criminal complaint.  Plaintiffs aver that there was no marijuana in Apostol's car.

Plaintiffs were initially booked for grand larceny auto, though Morales noted in his memo book that Plaintiffs were arrested for both grand larceny and criminal possession of marijuana. Plaintiffs were charged with criminal possession of marijuana only after subsequent investigation revealed that Apostol's car was not in fact stolen.  Both Plaintiffs accepted an adjournment in contemplation of dismissal (ACD), and the marijuana charges were ultimately dismissed.

It is undisputed that the two marijuana cigarettes were vouchered and tested.  It is also undisputed that the unspecified amount of loose marijuana was not, though Morales testified at his deposition that he secured it in the same envelope containing the two marijuana cigarettes.

Plaintiffs argue, as they did before the district court, that the inconsistencies in the record concerning the unspecified quantity of loose marijuana create a genuine issue as to whether Morales and Sarman fabricated the two marijuana cigarettes that were vouchered and tested. Plaintiffs further contend that their version of events is supported by the following:  (1) their own

3

sworn assertions that there was no marijuana in Apostol's car; (2) the omission from Sarman's memo book of any notation regarding the loose marijuana because Sarman had made such a notation in connection with another unrelated incident; (3) that Plaintiffs were not charged with criminal possession of marijuana until it was discovered that Apostol's car was not stolen; and (4) that Sarman had confirmed in his notebook that there was no marijuana in the car he drove back to the precinct, despite the fact that Morales confirmed that the loose marijuana had not been secured at the scene and that Sarman drove Apostol's car back to the precinct.

On this record, we agree with the district court that there is no genuine issue of material fact as to whether Morales and Sarman fabricated the two marijuana cigarettes. *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 310 (2d Cir. 2008) ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory, or based on speculation." (internal citations omitted)). The record does not support Plaintiffs' assertion that Sarman "confirmed that in his memo book, he had written that there was '*no contraband*' within the vehicle that he had driven to the precinct," Pls.' Br. at 31, because Sarman explained that this memo book entry referred to his department vehicle rather than to the particular vehicle he had driven back to the precinct and that it was precinct policy to search department vehicles upon returning to the precinct, "[j]ust to make sure nobody dropped anything in there," J.A. 319. Plaintiffs' reliance on the absence of any notation in Sarman's memo book regarding the unspecified quantity of loose marijuana is similarly misplaced. Other than noting that Apostol's car was double parked by a fire hydrant and that Plaintiffs were placed under arrest by Morales, Sarman's memo book contains no details regarding Plaintiffs' arrest; it does not note the reason for the stop or the bases for the arrests. We agree with

4

the district court that it would be pure speculation to infer that there was no marijuana found in Apostol's car from the absence of any such notation in Sarman's memo book. We further agree that no reasonable inference that evidence was fabricated can be drawn from Defendants' decision initially to charge Plaintiffs only with grand larceny auto. It is undisputed that Morales, the arresting officer, did note in his memo book that Plaintiffs were arrested for both grand larceny auto and criminal possession of marijuana. Though the record does not contain a voucher or lab test results for the loose marijuana, the two marijuana cigarettes were vouchered and tested. Based on this record the district court did not err in granting summary judgment in Defendants' favor.

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5