17-2663-cv
*Debrosse v. The City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand eighteen.

PRESENT:
>PIERRE N. LEVAL,
>GUIDO CALABRESI,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*.

_____

DONALD DEBROSSE,

>*Plaintiff-Appellant*,

>v.                                                                                          17-2663-cv

CITY OF NEW YORK, DETECTIVE MICHAEL GAYNOR, TAX # 928363, DETECTIVE DAVID ARVELO, TAX # 895970, DETECTIVE LORRAINE WINTERS, TAX # 921297, POLICE OFFICER PABLO DEJESUS, TAX # 915572, DETECTIVE ANDREW MENNELLA, TAX # 922778, DETECTIVE ROBERT AIELLO, TAX # 901092, CLAUDE JEANPIERRE, TAX # 919209, POLICE OFFICERS JOHN AND JANE DOE(S), 1-10,

>*Defendants-Appellees*.

_____

For Plaintiff-Appellant:                         DAVID A. ZELMAN, Law Offices of David A. Zelman, Brooklyn, New York.

For Defendants-Appellees:                              SCOTT SHORR (Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*) entered August 2, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donald Debrosse appeals from an August 2, 2017 judgment of the United States District Court for the Eastern District of New York granting Defendants-Appellees' motion for summary judgment. In his Amended Complaint, Debrosse alleges that Defendants-Appellees – various police officers and the City of New York – maliciously prosecuted him, violated his constitutional right to a fair trial, and maliciously abused the criminal process. In opposing summary judgment below, Debrosse abandoned all of his claims except for his malicious prosecution and fair trial claims against police officers Michael Gaynor and Lorraine Winters. On appeal, Debrosse contends that genuine disputes of material fact precluded the district court from awarding Gaynor and Winters summary judgment on Debrosse's malicious prosecution and fair trial claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009). We affirm only where "the movant shows that there is no genuine dispute as to any

2

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted). In deciding a summary judgment motion, a district court considers "only admissible evidence." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 123 (2d Cir. 2001).

We begin with Debrosse's malicious prosecution claim. To prevail on a malicious prosecution claim under New York law, a plaintiff must demonstrate "[1] that Defendants either commenced or continued a criminal proceeding against him, [2] that the proceeding terminated in his favor, [3] *that there was no probable cause for the criminal proceeding*, and [4] that the criminal proceeding was instituted with actual malice." *Bermudez v. City of New York*, 790 F.3d 368, 376–77 (2d Cir. 2015) (emphasis added). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). "Where, as here, a grand jury indicted the plaintiff on the relevant criminal charge, New York law creates a presumption of probable cause . . . ." *Bermudez*, 790 F.3d at 377. In assessing the probable cause element of a malicious prosecution claim under New York law, courts "may not weigh the evidence upon which the police acted or which was before the Grand Jury after the indictment has issued." *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983). Instead, the presumption of probable cause "can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Bermudez*, 790 F.3d at 377 (citations and internal quotation marks omitted). "[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Savino*, 331 F.3d at 73. We have explained that

3

a malicious prosecution plaintiff's "mere conjecture and surmise" are insufficient to overcome the presumption of probable cause resulting from the indictment. *Id.* (citation and internal quotation marks omitted).

Upon review, substantially for the reasons stated by the district court, we agree that Debrosse failed to rebut the presumption of probable cause. That is, aside from offering conclusory allegations and unsubstantiated speculation, Debrosse has not met his burden of producing admissible evidence from which a reasonable juror could infer "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Bermudez*, 790 F.3d at 377 (citations and internal quotation marks omitted). In particular, having reviewed the deposition testimony of eyewitness Chyrl Williams (which took place nearly five years after the shooting), we discern no basis for a reasonable juror to infer that the indictment resulted from fraud, perjury, evidence suppression, or bad faith conduct by Gaynor and Winters. Indeed, to the contrary, Williams plainly testified that the police officers complied with their procedures, and she flatly denied that the police officers suggested that Debrosse was a suspect or pressured her in any way. Nor does any of the inadmissible hearsay deposition testimony of Williams's father (recounting what his daughter told him) or the victim, Peter Daleus, (relaying Williams's statements, including her statements about what the police told her) defeat summary judgment, since the court may consider "only admissible evidence." *Nora Beverages, Inc.*, 269 F.3d at 123. In short, on this record, no reasonable jury could find that Gaynor and Winters lacked probable cause to prosecute Debrosse. We thus conclude that the

4

district court did not err in awarding Gaynor and Winters summary judgment on Debrosse's malicious prosecution claim.[1]

We next turn to Debrosse's claim that, by fabricating evidence, Gaynor and Winters deprived Debrosse of his constitutional right to a fair trial.[2]  Our precedent "restricts fair trial claims based on fabrication of information" to cases where "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).  "[T]he requirements that the information be both false and likely to influence a jury's decision constrain the types of information that can serve as the basis for a denial of the right to a fair trial claim."  *Id.* at 280. We agree with the district court that Debrosse's fair trial claim, which is based largely on conclusory, speculative allegations and unsupported by admissible evidence in the record, cannot survive summary judgment.  *See Scotto*, 143 F.3d at 114; *Nora Beverages, Inc.*, 269 F.3d at 123; *Fappiano v. City of New York*, 640 F. App'x 115, 118 (2d Cir. 2016) (summary order), *cert. denied sub nom. Fappiano v. City of New York, N.Y.*, 137 S. Ct. 341 (2016); *Apostol v. City of New York*, 607 F. App'x 105, 107 (2d Cir. 2015) (summary order).  Specifically, we conclude that nothing

---

[1] Because our probable cause determination suffices to resolve Debrosse's malicious prosecution appeal, we need not reach the district court's discussion of the other malicious prosecution elements, such as favorable termination and actual malice.

[2] Pointing to *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917–20 & 920 n.8 (2017), Gaynor and Winters dispute whether a pretrial detainee whose criminal case is dismissed before trial, such as Debrosse, may ever bring a fair trial deprivation claim (under the Fourteenth Amendment), as opposed to an abuse of criminal process claim (under the Fourth Amendment).  Debrosse concedes that he abandoned his abuse of criminal process claim below.  We express no view on the issue because it is not necessary to decide this case.

admissible in Peter Daleus's deposition testimony or affidavit creates a genuine issue of material fact as to whether Gaynor or Winters fabricated information that was likely to influence a jury's verdict. Debrosse's counsel conceded that Gaynor interviewed Peter Daleus at a hospital on September 12, 2009, and Peter Daleus testified at his deposition that he did not remember this interview. Peter Daleus cannot contradict Gaynor's account of a conversation that Peter Daleus does not remember. We are thus unable to identify reversible error in the district court's award of summary judgment to Gaynor and Winters on Debrosse's fair trial claim.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6