20-172-cv
*Pierre v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of September, two thousand twenty-one.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                *Circuit Judges.*

_____

LIONEL PIERRE,

       *Plaintiff-Appellant,*

       v.                                                                 20-172-cv

THE CITY OF NEW YORK, P.O. MICHAEL CARLEO, DETECTIVE MARTIN MALONEY,

       *Defendants-Appellees,*

JOHN DOES 1-5,

       *Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lionel Pierre, *pro se*, Laurelton, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Jeremy W. Shweder, Benjamin H. Pollack, *Assistant Corporation Counsel, for* James E. Johnson, *Corporation Counsel of the City of New York*, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgement of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Lionel Pierre ("Pierre") appeals from an order of the District Court granting summary judgment to the City of New York and two New York City Police Department officers (together, "Defendants"). In November 2015, Pierre was arrested after his car was erroneously listed as stolen on the New York Statewide Police Information Network ("NYSPIN"). When the erroneous NYSPIN listing was discovered, Pierre was released from custody, after what he claims was between five and seven hours. Pierre alleged false arrest, unlawful search, excessive force, malicious prosecution, malicious abuse of process, municipal liability, failure to intervene, and conspiracy under 42 U.S.C. § 1983. On appeal, Pierre proceeds *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

While we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Pierre's opening brief fails to address the bases for the District Court's grant of summary judgment: that Defendants were entitled to qualified immunity on the false arrest and unlawful search claims; that Pierre's allegations, accepted as true, would not constitute excessive force; that a criminal prosecution or legal process was not initiated against him; and that he established no underlying constitutional violations that could substantiate municipal liability, failure to intervene, or conspiracy claims under 42 U.S.C. §1983. These dispositive issues are thus waived, and we affirm the District Court's judgment on that basis. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995); *Norton*, 145 F.3d at 117.

Even if we were to excuse the waiver and address the merits, the District Court properly granted summary judgment to the Defendants. We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The District Court properly granted summary judgment on the false arrest and unlawful search claims based on qualified immunity. "Qualified immunity insulates public officials from claims for damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Defore v. Premore*, 86 F.3d 48, 50 (2d Cir. 1996) (internal quotation marks omitted). Generally, it "protects all but the plainly incompetent or those who knowingly violate the law." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) (internal quotation marks omitted). "[I]n the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show 'arguable' probable cause" for the arrest. *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). Probable cause is "arguable" "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (internal quotation marks omitted).

As the District Court correctly concluded, we have not yet considered whether an erroneous alert for a stolen car on NYSPIN alone is sufficient to establish probable cause to arrest or search. However, district courts in our circuit have. *See, e.g.*, *Apostol v. City of New York*, No. 11-CV-3851, 2014 WL 1271201, at *4 (E.D.N.Y. Mar. 26, 2014), *aff'd*, 607 F. App'x 105 (2d Cir. 2015) (summary order) (finding probable cause for arrest based on erroneous NYSPIN alert for a stolen license plate). We have held on at least two occasions that an erroneous NYSPIN alert for an outstanding arrest warrant is sufficient to create probable cause. *See United States v. Miller*, 265 F. App'x 5, 7 (2d Cir. 2008) (summary order); *United States v. Santa*, 180 F.3d 20, 27 (2d Cir. 1999) (holding that officers' reliance on NYSPIN erroneously showing existence of arrest warrant for defendant was objectively reasonable). Because the NYSPIN alert stated that Pierre's car was stolen, albeit erroneously, there was at least "arguable" probable cause for Defendants to arrest Pierre. The same reasoning supports the District Court's finding that, under the "automobile exception" to the Fourth Amendment's warrant requirement, Defendants had probable cause to search Pierre's vehicle. *See United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004). Therefore, Defendants were entitled to qualified immunity on both claims. *See Martinez*, 202 F.3d at 634.

For substantially the same reasons articulated by the District Court, Pierre's other claims also fail on the merits. The excessive force claim fails because Defendants were entitled to use "some degree of physical coercion or threat" to arrest Pierre, *Graham v. Connor*, 490 U.S. 386, 396 (1989), and even accepting Pierre's allegations as true, none of the Defendants' alleged actions on arrest were unreasonable under the circumstances. *See, e.g., Fulton v. Robinson*, 289 F.3d 188, 194 (2d Cir.

3

2002) (pointing a gun at suspect to be arrested not excessive); *Cugini v. City of New York*, 941 F.3d 604, 612-13 (2d Cir. 2019) (tight handcuffs not excessive absent pleas to loosen or other indications of tightness and resulting injury). The malicious prosecution and abuse of process claims fail because Pierre was released and his arrest was voided before any prosecution was initiated against him. *See Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (malicious prosecution); *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (abuse of process). And because Pierre has not established that he suffered any constitutional injury, he cannot sustain his claims for municipal liability, failure to intervene, or conspiracy under 42 U.S.C. § 1983. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (underlying constitutional injury required for municipal liability under § 1983); *McIntosh v. City of New York*, 722 F. App'x 42, 46 (2d Cir. 2018) (summary order) (same, for failure to intervene under § 1983); *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (same, for conspiracy under § 1983).

We have considered all of Pierre's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4